IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR. NO. 1:13-cr-301-WKW |
| | ) |
| THOMAS WINDELL SMITH | ) |

## PLEA AGREEMENT

DEFENSE COUNSEL:            STEPHEN GANTER

ASSISTANT U.S. ATTORNEY:    JERUSHA T. ADAMS

DOJ TRIAL ATTORNEY:         CHIRAAG BAINS

### COUNTS AND STATUTES CHARGED BY INFORMATION:

Count 1    18 U.S.C. § 241
           Conspiracy Against Rights

### COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:

Count 1    18 U.S.C. § 241
           Conspiracy Against Rights

### PENALTIES BY COUNT - MAXIMUM PENALTY:

Count 1    18 U.S.C. § 241
           A term of imprisonment not to exceed 10 years, a fine not to exceed $250,000, or both the fine and the imprisonment; a term of supervised release of no more than 3 years; an assessment fee of $100.00; and restitution to any victims of the offense.

**ELEMENTS OF THE OFFENSES:**

To prove a violation of 18 U.S.C. § 241, the United States must establish the following elements beyond a reasonable doubt:

1. There was a conspiracy or agreement between two or more persons that the defendant knowingly joined, intending to accomplish its purpose;

2. The purpose of the conspiracy or agreement was to injure, oppress, threaten, and intimidate a person in the free exercise and enjoyment of a right protected by the Constitution and laws of the United States, including 42 U.S.C §§ 1981 and 3601, which provide that all citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to hold real and personal property and shall have the right to own, rent, or occupy a dwelling free from threats and intimidation; and

3. The planned interference with the protected rights was willful.

*See Anderson v. United States*, 417 U.S. 211, 222-28 (1974); *United States v. Molina*, 443 F.3d 824, 828 (11th Cir. 2006) (a conspiracy may be inferred from circumstantial evidence that can be reasonably interpreted as participation in the common plan).

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

Chiraag Bains, Trial Attorney of the Civil Rights Division of the Department of Justice, and Jerusha T. Adams, Assistant United States Attorney, attorneys for the United States, and Stephen Ganter, attorney for the defendant, with the authorization of the undersigned defendant, entered into discussions with a view towards reaching a resolution of pending charges against the defendant, and a Plea Agreement has been reached by the parties. The terms of the Plea Agreement are set forth in this document and in an Addendum that will be filed separately under seal. The Plea Agreement and the Addendum will be referred to in this document as "the Plea Agreement." This Plea Agreement is being submitted to the Court pursuant to Rules 11(c)(1)(B) of the Federal Rules of Criminal Procedure. Both the United States and the defendant understand that, in accordance with that Rule, if the Court decides not to follow the terms of the Plea Agreement, the defendant does not have the right to withdraw his plea of guilty and proceed

2

to trial. The defendant further acknowledges that a breach of this Plea Agreement will not entitle him to withdraw his guilty plea and that his guilty plea will remain in full force and effect, even if he breaches this agreement, unless the United States invalidates the plea.

The specific terms of the Plea Agreement are as follows:

### UNITED STATES' PROVISIONS

1. The United States agrees that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct.

2. The United States agrees with the defendant that the offense of conviction falls within U.S.S.G. § 2H1.1 (Civil Rights). The base offense level under § 2H1.1(a)(2) is 12. There is a victim-related adjustment of 3 levels for the intentional selection of the victims based on actual or perceived race or color under § 3A1.1. The defendant receives a 2-level reduction for acceptance of responsibility under § 3E1.1(a). Thus, the total offense level is 13.

3. The United States makes no representation regarding the defendant's criminal history category, which will be determined solely by the United States Probation Office.

4. The United States reserves the right to inform the Court and the United States Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offense charged in the Information and the defendant's background.

### DEFENDANT'S PROVISIONS

5. The defendant agrees to paragraphs 1 through 4 of the United States' provisions.

6. The defendant agrees to plead guilty to Count 1 of the Information.

7. The defendant agrees to accept responsibility for his crime and not to commit any other federal, state, or local offense while awaiting sentencing. The determination of whether the defendant's conduct is a violation of this provision is at the sole discretion of the United States.

8. The defendant agrees to waive appeal and collateral attack as detailed in the section labeled "Defendant's Waiver of Appeal and Collateral Attack" below.

9. The defendant agrees to waive the protections of Federal Rule of Evidence 410 as set forth in the section labeled "Defendant's Waiver of Fed. R. Evid. 410" below.

## DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

10. Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. The defendant specifically waives the right to appeal the sentence on the grounds that the sentencing guidelines are in any respect unconstitutional, or that any fact found by the Court for sentencing was not alleged in the Information, admitted by the defendant, found by a jury, or found beyond a reasonable doubt. The defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the conviction and sentence in any post-conviction proceeding, including proceedings pursuant to 28 U.S.C. § 2255. This waiver does not include the right to appeal on the grounds of ineffective assistance of counsel or prosecutorial misconduct, or to collaterally attack the sentence imposed on those grounds. But, other than those grounds, the defendant expressly waives the right to appeal or collaterally attack his conviction or sentence.

11. The defendant agrees that even though he is waiving his appeal rights, the United States does not waive its right to appeal the sentence imposed in the instant case. The United

States does not waive its right to appeal any order dismissing the Information, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the United States' right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b).

## DEFENDANT'S WAIVER OF FED. R. EVID. 410

12. The defendant expressly and voluntarily waives the protection of Fed. R. Evid. 410. Thus, in the event that he violates the plea agreement or, at any time after signing this agreement, withdraws his offer to plead guilty, any statements he makes in conjunction with, or following, this plea agreement – including the statements contained in the section labeled "Factual Basis", any statements he makes to law enforcement that are not covered by a proffer agreement, any re-arraignment colloquies related to this case, any testimony he gives before a grand jury or another tribunal, and any leads from such statements, testimony or colloquies – shall be admissible for all purposes against him in any and all criminal proceedings. The defendant admits that the allegations in the Information are true, and that those allegations, along with the other statements listed above, will be admissible against him for any and all purposes if, for any reason, he fails to plead guilty, or withdraws his guilty plea.

## FACTUAL BASIS

13. The defendant admits the allegations charged in Count 1 of the Information and understands and agrees that if this matter were to go to trial, the United States would prove beyond a reasonable doubt, through the introduction of competent testimony and admissible tangible exhibits, the following facts to support those allegations:

**THOMAS WINDELL SMITH** and S.J.D. convened at S.J.D.'s home on May 8, 2009. S.J.D. was angry that a black city councilman from Auburn, Alabama, had removed Confederate flags from a cemetery a couple of weeks

earlier. S.J.D. referred to the councilman as a "nigger." S.J.D. suggested to **SMITH** that they burn a cross in retaliation. Smith agreed. Using materials from around his home, S.J.D. constructed a wooden cross about six feet tall and wrapped cloth around the cross. **SMITH** opened the back door of his truck, and S.J.D. loaded the cross into **SMITH**'s truck. With **SMITH** driving and S.J.D. providing directions, the two men transported the cross to a predominantly black residential neighborhood in Ozark, Alabama. S.J.D. unloaded the cross at the entrance to the predominantly black residential neighborhood. There, S.J.D. dug a hole in the ground. S.J.D. poured fuel on the cross and set it on fire, in view of several houses.

In agreeing to commit these acts, and in actually committing them, **SMITH** and S.J.D. agreed to injure, oppress, threaten, and intimidate the residents of the predominantly black residential neighborhood in the free exercise and enjoyment of a right protected by federal law, specifically the right that all citizens of the United States shall have the same right, in every state or territory, as is enjoyed by white citizens thereof to hold real and personal property and shall have the right to occupy a dwelling free from threats and intimidation. **SMITH** and S.J.D. burned the cross at the location they selected because of the race and color of the victims living in that neighborhood and because the victims were occupying dwellings in that area. In burning the cross, **SMITH** and S.J.D. intended to scare and intimidate the black victims by threatening the use of force against them.

The defendant admits that these allegations are true. Both the United States and the defendant

agree that this factual basis does not contain all of the relevant information known to the defendant. The parties also agree that this is a sufficient factual basis for the crime to which the defendant is pleading guilty, but it is not an exhaustive statement by the defendant.

### 18 U.S.C. § 3553(a)

14. The defendant acknowledges that, prior to signing this document and the Addendum, his attorney has reviewed this document and the Addendum with him and advised him that the Court, at sentencing, will consider the factors set forth in 18 USC § 3553(a). The defendant also acknowledges that, prior to signing this document and the Addendum, his attorney explained to him each of those factors, including: (1) the nature and circumstances of the offense and the history characteristics of the defendant, and the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (2) the need for deterrence; (3) the need to protect the public; (4) the need to provide the defendant with needed educational or vocational training or medical care; (5) the kinds of sentences available; (6) the need to avoid unwanted sentencing disparities; and, (7) the need to provide restitution to victims.

### DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

15. After conferring with his attorney, and before entering a plea of guilty to Count 1, the defendant advises the Court that he understands the following to be true:

    a. The defendant has the right to plead not guilty, the right to be tried by a jury, the right to the assistance of counsel at every stage of the proceedings, the right to confront and cross-examine witnesses against him, the right to call witnesses on his behalf, and the right not to be compelled to incriminate himself. By entering a plea of guilty, the defendant waives all of those rights, and there will be no trial of any kind in this case.

7

b. In entering a plea of guilty herein, the Court may ask the defendant questions about the offenses to which the plea is entered. Evidence of a plea of guilty later withdrawn, an offer to plead guilty to the crime charged in the Information, or statements made in connection with and relevant to a guilty plea are not admissible in any civil or criminal proceedings against the defendant, except in a criminal proceeding for perjury or false statement, and only if the defendant makes a false statement under oath, on the court record, and in the presence of counsel.

c. The United States Probation Office will prepare for the Court a pre-sentence investigation report, in which the Probation Officer will recommend a sentence based upon the calculated offense level, the defendant's criminal history, as well as any relevant conduct related to the offense to which the plea is offered. <u>The offense level or criminal history category calculated by the Probation Officer and determined by the Court may differ from that projected by the defendant's counsel or the United States.</u>

d. At sentencing, the Court will find by a preponderance of the evidence the facts used to determine the defendant's Guidelines offense level, criminal history category, and sentence. For that purpose, the Court may consider all acts and omissions attributable to the defendant, as well as the conduct of others that was both in furtherance of, and reasonably foreseeable in connection with, any criminal activity jointly undertaken by the defendant, to the extent that such conduct occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense. As proof, the Court may consider any reliable evidence, including hearsay.

e. In determining the particular sentence to impose, the Court will also consider all of the factors listed in 18 U.S.C. § 3553(a), as discussed above in Paragraph 14.

    f.    The Court is not bound to accept the terms of this Plea Agreement. The Court may dispose of the case either more favorably or less favorably toward the defendant than contemplated by this Plea Agreement.

    g.    The maximum penalty allowed by law for Count 1 of the Information is 10 years in prison, a $250,000 fine, 3 years on supervised release, a $100 assessment fee, and restitution to any victims of the offense.

    h.    There is no possibility of parole in the federal prison system, and if the defendant is sentenced to a term of imprisonment, the defendant will likely serve all or substantially all of his prison sentence.

    i.    If the Court imposes a fine in this case, the defendant will be required to make an honest, good faith effort to pay the fine as directed by the Financial Litigation Section of the United States Attorney's Office. To that end, the defendant will meet with a member of the Financial Litigation Section on the day of sentencing and complete a written personal financial statement, setting forth the defendant's assets and liabilities as of the date of the offense. The defendant further understands that by completing the financial statement, he is representing that it is true and accurate to the best of his information, knowledge, and belief.

    j.    Pursuant to 18 U.S.C. § 3013, the defendant will be ordered at sentencing to pay an assessment fee of $100.00, which will be due and payable to the Court immediately.

    k.    This Plea Agreement is the result of prior discussions between the attorneys for the United States and the attorney for the defendant. Those discussions were all conducted with the defendant's authorization, knowledge, and consent.

1. This Plea Agreement and the plea to be entered by the defendant as a result thereof are voluntary and are not the result of any force or threats, or of any promises apart from what has been expressly agreed upon in this Plea Agreement itself.

## REPRESENTATIONS OF THE PARTIES

16. The undersigned attorneys for the United States and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to Rule 11, Federal Rules of Criminal Procedure, as Amended. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

17. The attorney for the defendant further advises the Court: a) that the defendant has been advised of the nature of the charges to which the defendant's guilty plea is offered; b) that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues discussed in this Plea Agreement; c) that the defendant has been advised of the maximum possible penalties provided by law; d) that the defendant has been advised that by entering a plea of guilty, he waives the right to be tried by a jury or by the Court, he waives the right to confront and cross-examine witnesses against him, and he waives the right not to be compelled to incriminate himself; and e) that the defendant has been advised that if the defendant pleads guilty, there will not be a trial of any kind.

This _____ day of November, 2013.

Respectfully submitted,

FOR THE UNITED STATES ATTORNEY,
GEORGE L. BECK, JR.

_____
Louis V. Franklin, Sr., Chief
Criminal Division

*Jerusha T. Adams*
Jerusha T. Adams
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Tel: (334) 223-7280
Fax: (334) 223-7560
Email: jerusha.adams@usdoj.gov

FOR THE ACTING ASSISTANT
ATTORNEY GENERAL FOR CIVIL
RIGHTS, JOCELYN SAMUELS

*Chiraag Bains*
Chiraag Bains
Trial Attorney
Civil Rights Division, Criminal Section
U.S. Department of Justice
601 D Street, NW
Washington, DC 20004
Tel: (202) 514-5259
Fax: (202) 514-8336
Email: chiraag.bains@usdoj.gov

11

I have read the Plea Agreement, understand the same, and agree that it accurately states both the representations that have been made to me and the conditions of the agreement that has been reached. I am satisfied that my attorney, Stephen Ganter, Esq., has represented my interests in this matter competently and effectively. IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT.

_____  
THOMAS WINDELL SMITH  
Defendant

11-11-13  
Date

_____  
Stephen Ganter, Esq.  
Attorney for the Defendant

Nov 11, 2013  
Date